UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RELIABLE MARINE TOWING AND
SALVAGE LLC, successor in interest to
Cheryl Smith d/b/a Reliable Marine
Salvage & Towing,

      Plaintiff,

v.                                                Case No: 2:17-cv-430-FtM-99CM

JOHN THOMAS and STATE FARM
FIRE AND CASUALTY COMPANY,

      Defendants;

and

RELIABLE MARINE TOWING AND
SALVAGE LLC, successor in interest to
Cheryl Smith d/b/a Reliable Marine
Salvage & Towing, as ASSIGNEE OF
JOHN THOMAS,

      Cross-Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

      Cross-Defendant.
_____/

## OPINION AND ORDER[1]

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

This matter comes before the Court on Defendant State Farm Fire and Casualty Company's Motion to Dismiss Count II for Failure to State a Claim (Doc. 17) filed on September 29, 2017. Plaintiff filed a Response in Opposition (Doc. 25) on October 23, 2017. For the reasons set forth below, the Motion is denied.

**BACKGROUND**

This case arises out of Plaintiff Reliable Marine Towing and Salvage LLC's (Plaintiff or Reliable) salvage of a vessel, owned by Defendant John Thomas, sunken off the Coast of North Captiva Island. Plaintiff alleges that the incident occurred on or about August 1, 2015, when Thomas verbally requested assistance from Reliable, informing Reliable that the vessel was covered by State Farm Boat Insurance (the "Policy"). (Doc. 1, ¶ 7). Thomas signed a contract with Plaintiff for the salvage services. (*Id.* at ¶ 12; Doc. 1-1). The salvage took approximately two hours and forty-eight minutes, after which the vessel was taken by Thomas for repairs. (*Id.* at ¶ 8). The un-paid salvage services total $3,109.84. (*Id.* at ¶ 12).

Plaintiff filed a two-count Complaint for salvage against Thomas (Count I), and for breach of contract against State Farm (Count II) due to State Farm's material breach of its duty to Reliable as a third-party beneficiary on the vessel insurance policy. (Doc. 1). After service of the Summons and Complaint, Thomas failed to respond, instead signing a Consent Judgment with Reliable, in which Thomas assigned all his rights to Reliable regarding any claims he has or may have against State Farm. (Doc. 29). Thereafter, Reliable, as Assignee of John Thomas, filed a Cross-Complaint against State Farm for breach of contract (Count I) and declaratory judgment (Count II). (Doc. 38). State Farm has yet to respond to the Cross-Complaint.

State Farm now moves to dismiss Count II for failure to state a claim, arguing there is no basis in federal maritime law or Florida law for a salvor such as Reliable to bring a claim directly against the vessel's insurer. Specifically, State Farm points to a provision of the Policy (Doc. 17-1) and argues that Reliable is not a third-party beneficiary of the Policy issued to Thomas, and cannot directly seek proceeds under the Policy. Reliable responds that other provisions of the Policy specifically provide for recovery against the insurer in situations such as this.

## DISCUSSION

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). In addition, to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." *Id.* at 555; *see also Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). Like its counterpart above, Rule 12(b)(6) requires more than "unadorned, the-defendant-unlawfully-harmed-me" accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v.*

*Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability [also] fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). The Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

To state a valid claim for breach of a third-party beneficiary contract, a plaintiff is required to plead and prove: (1) the existence of a contract to which it was not a party; (2) an intent, either expressed by the parties or in the provisions of the contract, that the contract primarily and directly benefits the plaintiff; (3) breach of that contract; and (4) damages resulting from the breach. *Jenne v. Church & Tower, Inc.*, 814 So. 2d 522, 524 (Fla. 4th DCA 2002); *Jacobson v. Heritage Quality Constr. Co.*, 604 So. 2d 17 (Fla. 4th DCA 1992). see also *Blu–J, Inc. v. Kemper C.P.A. Group*, 916 F.2d 637, 640 (11th Cir.1990) ("[I]t must be shown that the intent and purpose of the contracting parties was to confer a direct and substantial benefit upon the third party." (quotation omitted)). Persons who merely receive an "incidental or consequential benefit from the contract" cannot be third party beneficiaries. *Esposito v. True Color Enters. Const., Inc.*, 45 So. 3d 554, 555 (Fla. 4th DCA 2010).

State Farm takes issue with the second element, *i.e.* the intent of the contracting parties, pointing to the following provision of the Policy[2]:

---

[2] This Court may look to the certified policy to resolve the issue of whether Plaintiff is an intended third-party beneficiary on a motion to dismiss because the subject policy is referenced in the

4

> **SECTION 1 – CONDITIONS**
>
> . . .
>
> 11. **No Benefit to Bailee**. We will not recognize an assignment or grant coverage for the benefit of a person or organization holding, storing or transporting property for a fee. This applies regardless of any other provision of this policy.

(Doc. 17-1, ¶ 11). Defendant further argues there is a "complete absence" in the Complaint of any allegation that State Farm intended to primarily and directly benefit Reliable and the subject insurance policy belies any such assertion.

Reliable responds that it was not acting as a bailee when it rescued the vessel because it did not hold, store, or transport the vessel; therefore, the provision of the policy cited by State Farm does not apply. Reliable also points to other provisions of the Policy that would provide coverage, which anticipate payments being made to third parties, such as Reliable. For example, the policy states: "Loss Payment. We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment." (Doc. 17-1, ¶ 8, Conditions).

Although an insurance company is generally not liable for a salvage award when such liability is not provided for in the insurance policy, *Continental Casualty Co. v. Marx*, 480 So. 2d 177 (Fla. 3d DCA 1985), here (contrary to State Farm's assertions), Plaintiff has specifically pled that it was a third-party beneficiary to the Policy, and pointed to specific provisions of the Policy that could entitle Plaintiff to payment. (Doc. 1, ¶ 27). This is at least enough to survive a motion to dismiss for failure to state a claim. Whether

---

Plaintiff's Complaint and is central to its claim against State Farm. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim.").

the terms of the contract are ambiguous or otherwise do not fit within the facts of this case, is a decision for another day after the completion of discovery.

Accordingly, it is now

**ORDERED:**

Defendant State Farm Fire and Casualty Company's Motion to Dismiss Count II for Failure to State a Claim (Doc. 17) is **DENIED**. State Farm shall file an Answer to the Complaint by **December 26, 2017**.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of December, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record